# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DARLENE C. AMRHEIN | § | |
| | § | |
| V. | § | CASE NO. 4:18-CV-18 |
| | § | (Judge Mazzant/Judge Nowak) |
| PROSPERITY BANK, ET AL. | § | |

## AMENDED MEMORANDUM REJECTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 8, 2018, the report of the Magistrate Judge (Dkt. #28) was entered containing proposed findings of fact and recommendations that Plaintiff Darlene C. Amrhein's Motion to Remand (Dkt. #11) be denied, and ordering that Plaintiff's Second Motion for Stay and Continuance of this Lawsuit for "Good Cause" Reasons (Dkt. #17) be denied. Having received the report and recommendation of the Magistrate Judge (Dkt. #28), having considered Plaintiff's objections (Dkts. #31, #32, #58) and responses (Dkt. #39, #40), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be rejected and the case remanded to state court.

## BACKGROUND

On December 6, 2016, Plaintiff Darlene C. Amrhein, represented by counsel, sued Defendants Prosperity Bank, Jo'el Doe, Keena Clifton, and Naomi Thames for various state law claims related to her employment at Prosperity Bank, in the 417th Judicial District Court of Collin County, Texas (Dkt. #1). Plaintiff's counsel withdrew from the state court matter on September 6, 2017 (Dkt. #1-12). Since her counsel's withdrawal, Plaintiff has proceeded *pro se*.

In the state court, Defendants Prosperity Bank and Keena Clifton ("Defendants") filed a motion for summary judgment. Plaintiff thereafter responded to Defendants' Motion for Summary Judgment and filed her own Motion for Summary Judgment (Dkt. #1-17). Plaintiff's Response to Defendants' Motion for Summary Judgment and her own Motion for Summary Judgment appears to indicate that she is pursuing claims for discrimination, harassment, and retaliation under Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Defendants then removed the suit to the United States District Court for the Eastern District of Texas, Sherman Division on January 8, 2018 (Dkt. #1). Defendants allege that the Court has federal question jurisdiction because Plaintiff has partially based her suit on claims under federal statutes: Title VII, the ADA, and the ADEA.

On January 17, 2018, Plaintiff filed her Motion to Remand (Dkt. #11), arguing that "[t]here is 'no federal question' in this transferred case as Texas has adopted Labor Laws [and] Discrimination Laws [and] all Defendants have never been served in that case [and] this case" (Dkt. #11 at p. 2). On February 5, 2018, Plaintiff filed her "Second Motion for Stay and Continuance of this Lawsuit for 'Good Cause' Reasons" ("Motion to Stay"), seeking to stay the instant case while she recovers from back surgery (Dkt. #17). On March 8, 2018, the Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff's Motion to Remand be denied, and also ordered that Plaintiff's Motion to Stay be denied (Dkt. #28).

On March 19, 2018, Plaintiff filed two documents objecting to the Report and Recommendation and Order Denying Stay: (1) her "Motion for Reversal of March 8, 2018 Order On Denied ADA Medical Stay & [sic] Medial Care Until Recovery of Two Surgeries for 'Good Cause'

Reasons" (Dkt. #31); and (2) "Objections & [sic] Arguments to Report and Recommendation of United States Magistrate Judge Christine A. Nowak Signed March 8, 2018 & [sic] Abuses" (Dkt. #32). On March 27, 2018, Defendants filed a Motion to Strike Plaintiff's Objections to Magistrate Judge's Report and Recommendation and to Require Posting of Security (Dkt. #39), and their Response to Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge (Dkt. #40). Defendants move to strike Plaintiff's objections for: (1) exceeding Local Rule CV-72(c)'s page limit; and (2) Plaintiff's inappropriate and abusive allegations (Dkt. #39). The Court denies Defendants' Motion to Strike on the basis of page limits.

On April 5, 2018, Plaintiff filed "Plaintiff's Objections & [sic] Responses to Defendants['] Motion for Attorney Fees; Defendants' Response to Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge; and Defendants' Motion to Strike Plaintiff's Objections to Magistrate's Report and Recommendation and to Require Posting of Security" (Dkt. #47). On April 10, 2018, Defendants filed a sur-reply (Dkt. #48).

On April 20, 2018, Plaintiff further filed her "Updated New Medical Information for 'Good Cause' Reasons that Require a Medical Stay Under Americans With Disabilities Act/ ADA & [sic] Existing Constitutional Civil Rights Issues" (Dkt. #53), raising new health concerns and attaching additional medical documentation not provided to the Magistrate Judge to support her assertion that an indefinite medical stay is warranted in this case. The Court construes such filing as a request to the District Court to review the Magistrate Judge's denial of a stay. Defendants have not specifically responded to such filing.

On April 23, 2018, Plaintiff filed her "Responses & Objections to Defendants' Reply to

Plaintiff's Response and 2nd Supplement to their Motion for an Order Determining Plaintiff Darlene Amrhein [ ] to be a Vexatious Litigant & Requesting Security, Plaintiff's 3rd Supplement Objections, Invalid & No Adverse Orders" (Dkt. #54). On April 27, 2018, Plaintiff filed a second set of objections: "Plaintiff's Objections to this Federal Court Banned from Transferring this Lawsuit on Texas Wages, Texas Unemployment, Texas Worker's Compensation for Injuries, which Devalues this Employment Lawsuit & Refused Service of Process of All Named Defendants & other 'Good Cause' Reasons" (Dkt. #58).

## PLAINTIFF'S OBJECTIONS

The Court now considers each of Plaintiff's aforementioned filings and any objections stated therein to the Report and Recommendation and Order Denying Stay. At the outset, the Court notes, that the majority of Plaintiff's objections (Dkt. #32) are nonsensical fragments and clauses, unrelated to the findings regarding Plaintiff's Motion to Remand or Motion to Stay.

**Plaintiff's Objections Related to Remand**

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). Broadly construed, Plaintiff's objections generally re-urge her arguments in favor of remanding this case to state court, including her arguments that remand is necessary because Texas state courts are capable of enforcing federal law, and further that removal procedure has not been properly followed in the instant case. A reading of Plaintiff's objections demonstrates that Plaintiff is only asserting state law claims and would like the state law claims to be handled in state court.

The Magistrate Judge found:

*Plaintiff's initial pleadings did not present a federal question on their face; thus, the case was not initially removable. While Plaintiff's petitions do not facially reference federal law, Plaintiff's response to Defendants' Motion for Summary Judgment contains references to multiple constitutional claims.* Indeed, Plaintiff's summary judgment response clearly and unequivocally asserts federal claims. Plaintiff's appendix expressly identifies various federal statutes, including Title VII, the ADA, and the ADEA And further, under the title "Workplace Harassment Violations of Federal Law," Plaintiff states that "[w]orkplace harassment violates federal law," and therefore, Defendant Prosperity Bank, by engaging in workplace harassment, has violated federal law. Additionally, Plaintiff avers that Prosperity Bank is liable under "Title VII of the Civil Rights Act of 1964. . . because they employ fifteen or more people, which is federal laws violated in this lawsuit for personal injuries [and] punitive damages, plus violations of state laws on sexual harassment [and] other harassment, abuses, bullying [and] against anti-discrimination laws." Under heading entitled "Americans with Disabilities Act," Plaintiff alleges that "Plaintiff was refused all [and] any accommodations for her disabilities affecting her Diabetes, scheduled lunches [and] insulin injections timely causing uncontrolled diabetes that leads to complications now or in the future, caused illness, injuries [and] wrongfully terminated Plaintiff" *It is readily apparent that Plaintiff brings claims under federal law related to her employment at Prosperity Bank.*

(Dkt. #28 at p. 5) (internal citations omitted and emphasis added). The Magistrate Judge also found:

Plaintiff is correct that claims related to employment and the workplace may be brought under either/both federal and Texas laws; however, Plaintiff's summary judgment response raises various claims under federal law, in addition to her state law claims. Plaintiff's Response therefore invokes federal question jurisdiction, allowing Defendants to remove this case from state court to federal court.

(Dkt. #28 at p. 8) (internal citations omitted). The Magistrate Judge determined that removal was proper under 28 U.S.C. § 1446(b)(3) because Plaintiff's response to motion for summary judgment was an "other paper" allowing removal citing *Schexnider v. Schexnider*, No. 6:11-CV-02148, 2013 WL 5603808, at *4–5 (W.D. La. Oct. 10, 2013) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)). The Magistrate Judge concluded that in Plaintiff's "Response to Defendants' Motion for Summary Judgment, Plaintiff clearly brings claims under federal law related

5

to her employment at Prosperity Bank" (Dkt. #28 at p. 6).

In the absence of diversity jurisdiction, federal question jurisdiction is required for removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case may be removed from state court to federal court when a plaintiff's petition alleges a claim "arising under" federal law. *See* 28 U.S.C. § 1441; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "Under the well-pleaded complaint rule, the plaintiff is the master of the claim and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available." *Am. Home Shield of Texas v. Texas*, No. H–10–0808, 2010 WL 1903594, at *3 (S.D. Tex. May 10, 2010) (citing *Caterpillar*, 482 U.S. at 392). Here, it is undisputed that "Plaintiff's initial and amended petitions [do] not assert any federal claims; indeed, they specifically reference[ ] only Texas state law claims and avoid[ ] all reference to federal law." (Dkt. #28 at pp. 1–2).

Under 28 U.S.C. § 1446(b), where the original complaint does not present grounds for removal, a defendant may later remove the case to federal court after receipt of "an amended pleading, motion order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (emphasis added). "[A] pleading, such as a response to a motion for summary judgment, can be qualified as 'other paper' sufficient to put [a] defendant on notice that

6

a federal cause of action has been [pleaded]." *Thompson v. Pyramid Constructors*, 125 F. Supp. 2d 200, 203 (E.D. Tex. 2000) (citations omitted). Defendants contend that Plaintiff's response to their motion for summary judgment, in addition to Plaintiff's own competing motion for summary judgment, constitute "other paper" sufficient to raise a federal question and establish federal jurisdiction.

Generally, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established. For example, a plaintiff will assert state law claims against a diverse party, but will not allege the amount in controversy in the complaint; a later document will then establish a sufficient amount in controversy, creating federal diversity jurisdiction. *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

As explained above, removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint. "Under limited circumstances, courts have looked to 'other paper' to establish federal question jurisdiction, such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law." *Eggert*, 223 F. App'x at 397. Thus, to establish federal question jurisdiction, the "other paper" "must clarify the federal nature of an existing claim, and not relate to a putative claim that has not yet been [pleaded]." *O'Keefe v. State Farm Fire & Cas. Co.*, No. 1:08–CV–600–HSO–LRA, 2009 WL 95039, at *3 (S.D. Miss. Jan. 13, 2009) (citing *Eggert*, 223 F. App'x at 397).

Based on the aforementioned standard, Plaintiff's motion to remand should be granted

because there is not a federal question presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Although Plaintiff's response to Defendants' motion for summary judgment—"other paper"—makes reference to various federal statutes and causes of actions, because it does not relate to an already pleaded claim, such references, on their own, cannot establish federal question jurisdiction. Further, given Plaintiff's status as *pro se*, it is difficult to conclude that she understood the nature of her response. i.e., that such response would act as an amendment to her already amended petition and invoke federal question jurisdiction. *See Eggert*, 223 F. App'x at 398 (finding "removal inconsistent with the well-pleaded complaint rule and the intent of § 1446(b)" because a pro se plaintiff, whose petition contained only state-law claims, did not fully understand the nature of and intend to make his response to an interrogatory into a § 1983 claim establishing federal question jurisdiction).

It is important to note that in *Schexnider v. Schexnider*, out of the Western District of Louisiana, the magistrate judge found that although the plaintiffs' initial pleading did not present a federal question on its face, the plaintiffs' response to the defendant's motion for summary judgment—"other paper"—sufficiently pleaded a federal cause of action warranting removal of the case to federal court. No. 6:11–CV–02148, 2013 WL 5603808, at *3–*5 (W.D. La. Oct. 10, 2013). Despite the court's ruling, the facts of *Schexnider* are distinguishable from the case at hand.

In *Schexnider*, the plaintiffs' initial pleading relied solely on state law and did not present a federal question. *Id.* at *3. Subsequently, as a result of the plaintiffs' response to the defendants' motion for summary judgment, the defendants removed the case to federal court based on federal question jurisdiction. *Id.* at *2. The plaintiffs failed to object to such removal. *Id.* Over a year later,

8

the Court, *sua sponte*, ordered briefing on whether federal question existed, by which the plaintiffs failed to abide. *Id.* Moreover, in the parties' Joint Rule 26(f) Report, the plaintiffs did not object to the assertion of federal jurisdiction. *Id.* Based on the plaintiffs' response to the defendants' motion for summary judgment, which made reference to various constitutional claims, the court held that "the case became removable based on federal question jurisdiction." *Id.* at *4-*5.

*Schexnider* is distinguishable from this case for several reasons. Here, Plaintiff objected to Defendants' removal to federal court by filing a motion to remand, whereas the *Schexnider* plaintiffs failed to object to the exercise of federal jurisdiction, file a motion to remand, or respond to the court's order to file briefing on the issue. Further, Plaintiff is proceeding *pro se,* while the plaintiffs in *Schexnider* had the benefit of counsel. As such, although both cases involve responses to dispositive motions that contained references to federal claims and statutes, each case contains distinct factual differences. Moreover, a ruling from a court in the Western District of Louisiana is not binding upon this Court and the Magistrate Judge did not explain why *Schexnider* should be followed as persuasive authority.

Since Plaintiff's state court petition alleges no federal claims, the Court finds "removal inconsistent with the well-pleaded complaint rule and the intent of § 1446(b), [permitting] removal on the basis of documents subsequent to the complaint when they clarify that the plaintiff's claims were federal in nature." *Eggert*, 223 F. App'x at 398.[1] The Court sustains Plaintiff's objection and rejects the Magistrate Judge's Report and Recommendation that the Motion to Remand should be denied. The Court the finds that removal was improper because Plaintiff's petition contained no

---

[1] Although *Eggert* is not published and is not precedent, the Court finds it instructive and persuasive.

federal claims on its face and Defendants cannot conflate the claims asserted by the petition by looking at Plaintiff's response to the Defendants' motion for summary judgment, which fails to clarify that Plaintiff's claims were actually federal in nature. Because the Court finds that the motion to remand should be granted , the Court declines to address the other issues addressed by the Magistrate Judge.

## CONCLUSION

Having considered each of Plaintiff's filings stated herein, and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge on the Motion to Remand are in error and rejects the Magistrate Judge's report (Dkt. #28) as the findings and conclusions of the Court as to the Motion to Remand (Dkt. #11).

It is therefore **ORDERED** that Plaintiff Darlene C. Amrhein's Motion to Remand (Dkt. #11) is **GRANTED** and the case is **REMANDED** to the 199th Judicial District Court of Collin County, Texas.

It is further **ORDERED** that the Court *sua sponte* **STRIKES** Document Number 59 to the extent that this document is considered an amended complaint. Upon remand, Plaintiff should address the question of filing an amended petition to the state court.

**IT IS SO ORDERED.**

**SIGNED** this 25th day of May, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE